CARBO INDUSTRIES, INC.,
Plaintiff–Appellant,

v.

COASTAL REFINING & MARKET-
ING, INC., and El Paso Corpora-
tion, Defendants–Appellees.

No. 05–1986–CV.

United States Court of Appeals,
Second Circuit.

Nov. 2, 2005.

Nicholas J. Damadeo, Nicholas J. Dama-
deo, P.C., Smithtown, NY, for Appellant.

Igor Krol, Krol & O'Connor, New York,
NY, for Appellees.

Present: WALKER, Chief Judge,
FEINBERG, and CARDAMONE, Circuit
Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is **AF-FIRMED.**

Plaintiff-appellant Carbo Industries, Inc. ("Carbo"), appeals from a March 29, 2005, judgment of the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge*) denying Carbo's motion for partial summary judgment and granting defendants-appellees Coastal Refining & Marketing, Inc., and El Paso Corporation's cross-motion for summary judgment.

We review de novo the grant or denial of summary judgment. *Tasini v. N.Y. Times Co.*, 206 F.3d 161, 165 (2d Cir.2000). We assume the parties' familiarity with the facts and procedural history.

On appeal, Carbo argues that the district court erred when it granted defendants' cross-motion for summary judgment because the parties' contract for the storage of petroleum products did not constitute a "contract for service, maintenance or repair to or for any real or personal property" under New York General Obligations Law § 5–903. We find no error in the district court's analysis.

The parties' dispute focuses on a "Terminaling Agreement," in which the defendants agreed to store petroleum products at Carbo's storage terminal in Lawrence, New York. The contract was commenced on January 1, 2000, and had an initial term of one year; however, the contract also included an automatic renewal clause, which provided that unless either party received written notice of cancellation at least six months prior to the end of the then-current term, the contract would automatically renew for the following year. Neither party cancelled the contract for the year 2001, 2002, or 2003. On November 12, 2003, however, the defendants sent a letter to Carbo stating that they were canceling the contract. Ultimately, Carbo filed this action for breach of contract, alleging that defendants' notice was deficient under the terms of the contract.

On appeal, we must decide whether the parties' contract is a "contract for service, maintenance or repair to or for any real or personal property" under New York General Obligations Law § 5–903. If the contract is a "contract for service" within the meaning of § 5–903, then the defendants' notice is valid, notwithstanding the requirement under the contract that notice be given six months before the end of a given period, because, under § 5–903, a service provider (here Carbo) must give the receiver (here defendants) at least fifteen, but no more than thirty, days' notice of the existence of the contract's automatic renewal provision in order for that provision to take effect. *See* N.Y. Gen. Oblig. Law § 5–903(2).

Under the parties' contract, Carbo expressly agreed to provide and maintain storage facilities for defendants' petroleum products. As the district court pointed out, the contract also provided that Carbo "would provide insurance coverage; 'automated Card controlled truck loading facilities'; 'inventory verification'; [and] 'special additive equipment.'" In addition, Carbo "would insert additive into Defendants' petroleum if necessary."

We agree with the district court that, "[i]n light of these contractual obligations and given the expansive approach" taken by courts in interpreting § 5–903, "the contract falls within its purview." *Cf. Tel. Secretarial Serv. v. Sherman*, 28 A.D.2d 1010, 284 N.Y.S.2d 384, 385–86 (1967) (stating that the words "service, maintenance or repair to or for any real or

personal property" are to be "generously read in order that their scope will engage the variegated evil the statute was intended to meet"). Because the services that Carbo provided relate to "personal property," this case does not fall within the limited exception developed for "personal services contracts"—e.g., consulting contracts. *See Donald Rubin, Inc. v. Schwartz,* 160 A.D.2d 53, 559 N.Y.S.2d 307, 310 (1990).

We have considered Carbo's remaining arguments and find them to be without merit.

Accordingly, and for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**